UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

NICHOLAS ROBERT DRAEGER
6106 Winnequah Rd.
Monona, Wisconsin 53716,

      Plaintiff,

v.

TRANS UNION, LLC
555 West Adams St.
Chicago, Illinois 60661,

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Blvd.
Costa Mesa, California 92626,

                Case No. 14-CV-670

      Defendants.
_____

COMPLAINT
_____

  As and for him cause of action against defendants for multiple violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., plaintiff alleges as follows:

  WHEREFORE, plaintiff prays for judgment against defendant as follows:

  1. Plaintiff Nicholas Robert Draeger (hereinafter "Draeger") is an adult resident of Dane County, Wisconsin.

  2. The Court has jurisdiction pursuant to 15 U.S.C. § 1681p.

  3. Venue is proper because a substantial portion of the events complained of occurred in this District.

  4. Defendant Trans Union, LLC (hereinafter "Trans Union") is a Delaware limited liability company registered to do business in the State of Wisconsin. Trans Union's registered agent for service of process is the Prentice-Hall Corporation System,

Inc., 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

5. Defendant Experian Information Solutions, Inc. (hereinafter "Experian") is an Ohio corporation registered to do business in the State of Wisconsin. Experian's registered agent for service of process is CT Corporation System, 8020 Excelsior Dr., Ste. 200, Madison, WI 53717.

6. Macy's Retail Holdings, Inc. (hereinafter "Macy's") is a New York corporation registered to do business in the State of Wisconsin. Macy's registered agent for service of process is Corporation Service Company, 8040 Excelsior Dr., Ste. 400, Madison, WI 53717.

7. Wisconsin Energy Corporation (hereinafter "Wisconsin Energy") is a Wisconsin corporation. Wisconsin Energy's registered agent for service of process is Keith H. Hecke, 231 W Michigan St., P240, Milwaukee, WI 53203.

8. JC Penney Corporation, Inc. (hereinafter "JC Penney") is a Delaware corporation registered to do business in the State of Wisconsin. JC Penney's registered agent for service of process is CT Corporation System, 8020 Excelsior Dr., Ste. 200, Madison, WI 53717.

9. Discover Financial Services, Inc. (hereinafter "Discover") is a Delaware corporation, and, on information and belief, is not registered to do business in the State of Wisconsin.

10. Plaintiff's cause of action accrued, in part, in Dane County, Wisconsin.

11. Trans Union and Experian are each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f) of the Fair Credit Reporting Act.

12. At all times relevant, Draeger was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) of the Fair Credit Reporting Act.

13. Macy's, Wisconsin Energy, JC Penney, and Discover are each a "furnisher" as that term is used in 15 U.S.C. 1681s-2(b) of the Fair Credit Reporting Act.

14. The credit reports that are the subject of this action were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d) of the Fair Credit Reporting Act.

15. Trans Union and Experian have reported and, on information and belief, continue to report, derogatory and inaccurate statements and information relating to Draeger and Draeger's credit history to third parties.

16. At all times relevant, Defendants was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of their Defendant employer.

17. In November 2013, Draeger applied for a credit account with Macy's, his then employer. He was denied credit though he had never missed a payment on the only credit account he had ever owned.

18. Also in November 2013, Draeger received a phone call from the jeweler Rogers & Holland, who called with the intention of collecting a debt. Draeger had never purchased anything from Rogers & Holland, nor had he incurred any debt to them.

19. As a result, Draeger ordered credit reports from Defendants Trans Union and Experian, as well as another credit reporting agency, Equifax, Inc. ("Equifax"). Each of those credit reports contained erroneous accounts and information.

20. Trans Union was erroneously reporting accounts that did not belong to

Draeger on his credit report, and was sharing this erroneous information with third parties requesting a report on Draeger. These accounts are:

 Macy's #43841591xxxx (the "Macy's Account")

 Wisconsin Energy #015021xxxx (the "First Wisconsin Energy Account")

 Wisconsin Energy #803098xxxx (the "Second Wisconsin Energy Account"; collectively with the First Wisconsin Energy Account, the "Wisconsin Energy Accounts")

 JC Penney #600889468676xxxx (the "JC Penney Account")

 Discover Financial Services #601100842939xxxx (the "Discover Account")

 Rogers & Holland #601801111358xxxx (the "Rogers & Holland" Account).

21. Trans Union was erroneously reporting other information on Draeger's credit report. This information is:

 Name: Nicholas B. Draeger

 SSN: xxx-xxx-1037

 Address: 512 Southtowne Dr., South Milwaukee, WI 53172

 Address: 5510 S Illinois Ave., Cudahy, WI 53110

 Address: 3850 E. Underwood Ave., Cudahy, WI 537110

 Telephone: (414) 380-7158

 Telephone: (414) 366-2975

 Employer: Roundy's.

22. Experian was erroneously reporting accounts that did not belong to Draeger on his credit report, and was sharing this erroneous information with third parties requesting a report on Draeger. These accounts are:

The Macy's Account

The First Wisconsin Energy Account

The JC Penney Account

The Discover Account.

23. Experian was erroneously reporting other information on Draeger's credit report. This information is:

Name: Nicholas B. Draeger (name ID number 153)

Name: Nicholas Draeger (name ID number 11394)

SSN: xxx-xxx-1037

Birth Year: 1992

Address: 512 Southtowne Dr. Apt. 103, South Milwaukee, WI 53172 (ID 0114758999)

Address: 5510 S Illinois Ave., Cudahy, WI 53110 (ID 0114758994)

Address: 3850 E. Underwood Ave., Cudahy, WI 537110 (ID 0114488743).

24. Equifax was erroneously reporting an account that did not belong to Draeger on his credit report, and was sharing this erroneous information with third parties requesting a report on Draeger. This account is:

The Macy's Account.

25. Defendants' persistent failure to remove erroneous accounts from his credit report shows a negligent and/or willful disregard for the need to have procedures to assure the maximum possible accuracy of information in Draeger's consumer reports.

26. On November 25, 2013, Draeger complained of Trans Union's erroneous reporting to an employee agent of Trans Union, who told Draeger that Trans Union

would investigate and report results back to him. On information and belief, plaintiff alleges that Trans Union notified the furnishers of disputed information of Draeger's dispute.

27. On November 25, 2013, Draeger complained of Experian's erroneous reporting to an employee agent of Experian, who told Draeger that Experian would investigate and report results back to him. On information and belief, plaintiff alleges that Experian notified the furnishers of disputed information of Draeger's dispute.

28. On November 25, 2013, Draeger complained of Equifax's erroneous reporting to an employee agent of Equifax, who told Draeger that Equifax would investigate and report results back to him. On information and belief, plaintiff alleges that Experian notified the furnishers of disputed information of Draeger's dispute.

29. On December 6, 2013, Draeger received a letter from Experian. The letter stated that they had removed the Macy's Account. The other accounts and information reported erroneously were not removed by Experian.

30. On December 12, 2013, Draeger received a letter from Equifax stating that all merged/fraudulent accounts had been removed from his credit report.

31. Trans Union took no action to rectify the situation.

32. On January 9, 2014, Draeger contacted Trans Union by telephone to inquire about his request that they remove the erroneously reported information and accounts. An agent of Trans Union informed Draeger that they had sent their correspondence to one of the incorrect addresses listed in his file. Trans Union did so despite specific instructions from Draeger on November 25, 2013, that they send correspondence to the correct address in Monona, WI.

33. On January 9, 2014, Draeger contacted Experian by telephone to inquire about his request that they remove the erroneously reported information and accounts. Experian's agent told Draeger that they would verify the information and accounts with the creditors.

34. On January 9, 2014, Draeger contacted Equifax to inform them that they were still reporting an erroneous address. Equifax removed that address from Draeger's credit report on January 13, 2014.

35. On January 21, 2014, Draeger contacted Macy's to inquire about whether the Macy's Account was opened fraudulently in his name. Macy's agent confirmed that the account was opened with Draeger's identity.

36. On January 30, 2014, Draeger contacted Discover to inquire about whether the Discover Account was opened fraudulently in his name. Discover verified that the Discover Account was not opened using Draeger's social security number. Despite this, Trans Union and Experian did not remove the Discover account from Draeger's credit reports.

37. On February 4, 2014, Draeger received an updated credit report from Experian, which continued to include the Discover Account, the JC Penney Account, and the First Wisconsin Energy Account, as well as incorrect names and addresses.

38. On February 4, 2014, Draeger contacted JC Penney to inquire about whether the JC Penney Account was opened fraudulently in his name. Draeger was unable to speak with a live human because he did not know the full account number (as it did not belong to him). Instead, Draeger used the automated customer service options to check his social security number against his own zip code and other zip codes

erroneously listed on his Trans Union and Experian credit reports. In doing so, Draeger deduced that the account was not created fraudulently in his name.

39. On February 4, 2014, Draeger contacted Wisconsin Energy to inquire about whether the Wisconsin Energy Accounts were opened fraudulently in his name. Wisconsin Energy informed Draeger that they did not have his social security number on file, so that the Wisconsin Energy Accounts must be misreported.

40. On February 4, 2014, Draeger contacted Rogers & Holland to inquire about whether the Rogers & Holland Account was opened fraudulently in his name. Rogers & Holland confirmed that the Rogers & Holland Account was being misreported.

41. On February 4, 2014, Draeger filed a police report with the Monona Police Department (Case #2013-493) regarding identity theft re: the Macy's Account, and filed an identity theft complaint with the Federal Trade Commission (Ref. #51179272).

42. On February 18, 2014, Draeger sent a letter to Trans Union including his driver's license, social security card, police self-report, and a highlighted credit report displaying the inaccuracies. This letter noted that the furnishers, with the exception of Macy's, knew that these accounts were misreported.

43. On February 18, 2014, Draeger sent a letter to Experian including his drivers license, social security card, police self-report, and a highlighted credit report displaying the inaccuracies. This letter noted that the furnishers, with the exception of Macy's, knew that these accounts were misreported.

44. On March 11, 2014, Experian shared with Draeger a copy of his credit file, indicating that that they had placed a fraud alert on his account. Experian continued to report the erroneous accounts and information.

45. On March 19, 2014, Experian sent Draeger a letter requesting personal identification documents, which he had already provided to them.

46. On March 26, 2014, Draeger received from Experian a credit report that continued to report erroneous accounts: the JC Penney Account and The First Wisconsin Energy Account; and erroneous information: the Southtown Dr. address (twice) and both (414) phone numbers.

47. On March 26, 2014, Draeger received from Trans Union a credit report that continued to report erroneous accounts: the JC Penney Account, the Discover Account, the Wisconsin Energy Accounts, and the Rogers & Holland Account; and erroneous information – all erroneous information listed in paragraph 20.

48. On April 30, 2014, Draeger sent a letter to Experian expressing concern that despite two previous attempts via phone, one detailed letter, and having personally verified the incorrect information on his credit report to be incorrect, Experian had not rectified his complaint. He sent a copy of this letter to Equifax, Macy's, JC Penney, Discover, Wisconsin Energy, and Rogers & Holland.

49. On April 30, 2014, Draeger sent a letter to Trans Union expressing concern that despite two previous attempts via phone, one detailed letter, and having personally verified the incorrect information on his credit report to be incorrect, Trans Union had not rectified his complaint. He sent a copy of this letter to Equifax, Macy's, JC Penney, Discover, Wisconsin Energy, and Rogers & Holland.

50. On May 7, 2014, Draeger spoke with a representative of Wisconsin Energy, who stated that she submitted requests to delete the Wisconsin Energy Accounts from Draeger's credit reports with Trans Union and Experian.

51. On May 16, 2014, Draeger received a letter from Rogers & Holland notifying him that they had requested that the Rogers & Holland Account be deleted from Draeger's credit reports with Trans Union and Experian.

52. On May 29, 2014, Draeger picked up multiple correspondences given to him by his mother, who resides at Draeger's mailing address. Two such correspondences, from Experian, requested that Draeger send additional information to process his fraud alert, even though such information had already been sent to Experian by Draeger. Experian had also sent an updated credit report noting that Experian had verified the erroneous JC Penney Account as accurate, and still listing erroneous addresses. This report also noted that "other items disputed are not currently displaying on your personal credit report."

53. Other correspondence received on May 29, 2014, include a letter from Trans Union (dated May 13, 2014) stating that they were unable to locate Draeger's credit report, followed by a copy of Draeger's Trans Union credit report, which still contained the erroneous, fraudulent Macy's Account as well as erroneous information.

54. On June 12, 2014, Draeger picked up correspondence from his mailing address, this time from Equifax. Equifax had removed all of the erroneous reports. The only erroneous information on this report is an inquiry from Macy's, which Draeger has asked Macy's to remove, to which they steadfastly refused.

55. As a result of the erroneous reporting, Draeger has suffered a denial of credit, higher interest rates, loss of an employee-discount opportunity with Macy's, increased transaction costs to pay bills, mental anxiety, emotional suffering, worry, humiliation and mental distress.

56. Defendants have willfully and/or negligently violated 15 U.S.C. § 1681i of the Fair Credit Reporting Act numerous times by negligently and/or willfully failing to perform a reasonable investigation of Draeger's disputes of the errors appearing on his credit reports, nor of the reason for their continued appearance.

57. Defendants Experian and Trans Union have also willfully and/or negligently violated 15 U.S.C. § 1681e(b) of the Fair Credit Reporting Act by failing to maintain reasonable procedures to assure maximum possible accuracy of the credit reports that it generated regarding Draeger.

58. Defendants Experian and Trans Union have also violated 15 U.S.C. § 1681b of the Fair Credit Reporting Act by providing consumer credit reports without reasonable belief that they were for a permissible purpose.

59. Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, Defendants Trans Union's and Experian's actions in negligently violating the Fair Credit Reporting Act entitle Draeger to recovery actual damages, attorneys' fees and costs. In addition, these Defendants' actions in willfully violating the Fair Credit Reporting Act entitle Draeger to the recovery of actual damages, punitive damages, attorneys' fees and costs pursuant to 15 U.S.C. § 1681n of the Fair Credit Reporting Act.

60. Defendants Experian and Trans Union also maliciously and/or willfully defamed Draeger by its continued publications of the erroneous and derogatory accounts listed in paragraphs 20 & 21 (Trans Union) and 22 & 23 (Experian) of this Complaint to third parties after it knew or should have known that the accounts listed in these paragraphs did not belong to Draeger.

61. Because of the acts and omissions of Defendants, Draeger has suffered a

denial of credit, higher interest rates, loss of an employee-discount opportunity with Macy's, increased transaction costs to pay bills, mental anxiety, emotional suffering, worry, humiliation and mental distress. In addition, Draeger has incurred litigation expenses and attorneys' fees which, but for the acts and omissions of Defendants alleged herein, would not have been necessary. Further, Defendants' acts and omissions are willful, intentional, malicious and demonstrative of a reckless disregard for Draeger's rights and well-being.

62. As a result of Defendants' willful violations of the Fair Credit Reporting Act and their malicious defamations of Draeger's good name, Plaintiff is entitled to punitive damages from Defendants.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendants, based on the following requested relief:

(a) actual damages;

(b) statutory damages;

(c) punitive damages;

(d) costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n, 1681o;

(e) An order directing that Defendants immediately delete all of the inaccurate information from Plaintiff's credit reports and files, and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information;

(f) An order directing that Defendants send to all persons and entities to whom they have reported Plaintiff's inaccurate information within the last three years

Plaintiff's updated and corrected credit report information; and

  (g) Such other and further relief as may be necessary, just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: October 3, 2014

ATTORNEY SAM WAYNE


\_\_\_\_/s Sam Wayne_____
Sam Wayne, SBW 1074341
5018 Dorsett Dr.
Madison, WI 53711
(608) 469-3598
samwayne@gmail.com


BAXTER & BAXTER LLP


\_\_\_\_/s Justin M. Baxter_____
Justin M. Baxter, motion for admission *pro hac vice* pending
Baxter & Baxter, LLP
8835 SW Canyon Lane, Ste 130
Portland, OR 97225
(503) 297-9031
justin@baxterlaw.com